# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

BYRON GREENE,                                                                                         PETITIONER

V.                                        CIVIL ACTION NO.:  3:13CV250-NBB-DAS

CHRISTOPHER EPPS, et al.,                                                           RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Byron Greene for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, or, alternatively, as unexhausted.  For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

### Facts and Procedural History

Byron Greene pleaded guilty to two counts of uttering a forgery in the Circuit Court of Union County, Mississippi, and was sentenced by order filed December 12, 2011, to serve a term of five years on each count, reduced to time served.  (Respts' Mot., Exs. A and B).  Greene's sentences were suspended, and he was ordered to be placed under the post-release supervision of the Mississippi Department of Corrections for a period of five years.  (*Id*., Ex. B)[1].  Greene did not appeal his sentence or seek post-conviction relief in the State courts.  His federal habeas petition was stamped "filed" with the Court on August 20, 2013.

On July 30, 2014, Respondents filed a motion to dismiss the instant action, arguing that

---

[1] Pursuant to the terms of Greene's plea, two additional counts were retired to the files. (Respts' Mot., Ex. C).

the petition is untimely, and that Greene otherwise failed to exhaust his claims prior to seeking federal habeas relief. Greene did not file a timely response to Respondents' motion.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

2

## Analysis

Under Mississippi law, there is no direct appeal from any guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Therefore, Petitioner's conviction became final on December 12, 2011, when he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[2] Therefore, unless Greene filed a "properly filed" application for State post-conviction review on or before December 12, 2012, to toll the limitations period, the instant petition was filed too late. *See, e.g.*, 28 U.S.C. § 2244(d)(2). Greene does not state that he filed any post-conviction petitions. Respondents contend that the Union County Circuit Clerk's Office has confirmed that no such pleadings were filed in that court, and that there is no record of an appeal by Greene with the Mississippi Supreme Court.

Greene's federal habeas petition was "filed" when he delivered his petition to prison officials for mailing. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999). Greene did not date his petition, but it was filed by the Clerk on August 20, 2013. A letter Greene submitted along with his petition is dated August 12, 2013. Affording Greene the standard three days for mailing, the Court will assume that he filed his petition on August 9, 2013. Accordingly, he filed his petition approximately 240 days after the December 12, 2012, deadline.

As his federal habeas petition was filed beyond the AEDPA deadline, federal habeas relief is available to Greene only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period.

---

[2] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

*Felder*, 204 F.3d at 170-71. Equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). In this case, there is no reason to conclude that either circumstance is applicable to Greene's delay. Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.

The Court notes that Greene has also complained about the modification of his probation and/or the two later revocations of his probation. By order filed November 30, 2012, the Union County Circuit Court modified the terms of Greene's probation, placing him in a restitution center "until all Court ordered monies are paid in full." (Respts' Mot., Ex. D). Two additional orders of revocation, filed June 18, 2013, and November 13, 2013, respectively, had the effect of returning Greene to the restitution center and requiring him to pay the fines owed to the Clerk of that county. (*See id.*, Ex. E). The Court finds that, to the extent Greene attempts to challenge the modification and/or revocations in the instant petition, he has failed to exhaust his State court remedies.

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the

4

opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Greene can satisfy the exhaustion requirement of the AEDPA by utilizing the Mississippi Uniform Post-Conviction Collateral Relief Act, §§ 99-39-1, *et seq.*, which allows a prisoner in custody under a State court sentence to file a petition claiming that "his sentence has expired; his probation, parole or conditional release [has been] unlawfully revoked; or he is otherwise unlawfully held in custody[.]" Miss. Code Ann. § 99-39-5(1)(h). If he acts diligently, Greene still has sufficient time to present his claims challenging the revocations of his post-release supervision to the State's highest court. *See* Miss. Code Ann. § 99-39-5(2) (providing that when no direct appeal is filed, a motion for relief under the article must be filed "within three years after the time for taking an appeal from the judgment of conviction or sentence has expired").

In sum, the Court finds that Greene's petition should be dismissed as untimely, and, alternatively, for Greene's failure to exhaust his available State court remedies.

**Certificate of Appealability**

Greene must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Greene must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

5

**Conclusion**

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d), or, in the Alternative, for Failure to Exhaust" (ECF No. 15) and **DISMISSES** with prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be **DENIED**, as Greene failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 24th day of September, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**